■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN JACKSON, Appellant. [768 NYS2d 599]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered April 2, 2002, convicting defendant, after a jury trial, of burglary in the second degree, criminal trespass in the second degree and possession of burglar's tools, and sentencing him, as a second violent felony offender, to concurrent terms of 9 years, 1 year and 1 year, respectively, unanimously affirmed.

Charged with committing two apartment building burglaries, defendant was convicted of burglary in the second degree as to one and criminal trespass in the second degree as to the other. The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Furthermore, we find the evidence as to each of the charges to be overwhelming. In one incident, the conclusion is inescapable that defendant entered a building and stole a bicycle (*see generally People v Galbo*, 218 NY 283 [1916]). In the other incident, the witness made a reliable identification which was corroborated by defendant's spontaneous statement made upon his recognition of the witness.

In its supplemental instruction, the court should not have told the jury that it could consider the evidence of defendant's alleged burglary in the second building to establish his intent to commit a crime inside the first building, since the evidence did not warrant such an instruction (*see People v Molineux*, 168 NY 264 [1901]). However, the error was harmless in light of the overwhelming evidence supporting each of the crimes of which defendant was convicted (*see People v Crimmins*, 36 NY2d 230, 242 [1975]), and the fact that defendant was acquitted of burglary with respect to the first building.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's theft-related convictions were highly relevant to his credibility. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.